762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR WEBB, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5148
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 On Appeal from the United States District Court for the Western District of Kentucky
 BEFORE: KEITH and JONES, Circuit Judges, and NEWBLATT.*
 PER CURIAM:
 
 
 1
 This is an appeal from an adverse decision of the Secretary denying disability insurance benefits and Supplemental Security Income benefits. The administrative denial of benefits has been upheld by the United States District Court for the Western District of Kentucky. For the reasons set forth below, the decision of the Secretary is reversed and the case is remanded for the payment of benefits.
 
 
 2
 Arthur C. Webb applied for benefits after severely injuring his left (dominant) arm in an automobile accident. His initial application for benefits was denied by the administrative law judge (ALJ) on February 26, 1982. On June 8, 1982, Mr. Webb filed a second application claiming that his condition had worsened. This second application was also denied and is the subject of the instant appeal.
 
 
 3
 Mr. Webb was born on July 12, 1950, and was 32 years old at the time of the second hearing before an ALJ. Although he has an eighth grade education, Mr. Webb is functionally illiterate and has an I.Q. of 79. He has worked as an automobile mechanic, a soda truck loader, a concrete block stacker, a laborer in a fiberglass plant and a service station attendant. On or about May 31, 1980, Mr. Webb severely injured his left arm in an automobile accident. In the accident, Webb suffered a severe laceration which transected a portion of the left bicep and tricep muscles as well as completely transecting the ulnar nerve and a portion of the median nerve. As a result of this injury, Mr. Webb has lost the use of his dominant arm and hand.
 
 
 4
 At the hearing on the first application for benefits, Mr. Webb introduced medical reports pertaining to the damage to his arm as well as reports pertaining to his psychological impairments. The ALJ found that Mr. Webb's psychological impairments did not significantly limit his ability to perform basic work activities. While the ALJ found that Mr. Webb's physical impairments prevented him from performing his past work, the ALJ also found that Mr. Webb retained the residual functional capacity for light work. Referring to the Medical-Vocational Guidelines ('grids'), the ALJ determined that Mr. Webb was not disabled. Mr. Webb did not seek judicial review of this adverse determination.
 
 
 5
 The matter now before this Court for review is based upon Mr. Webb's second application for benefits. In considering this second application, the ALJ found that no new and material evidence had been submitted which warranted reopening or revising the prior determination. The ALJ again found that, as a result of his physical impairment, Mr. Webb was unable to perform his past work, but that Mr. Webb retained the ability to perform light work. The ALJ also found that Mr. Webb's psychological limitations did not adversely affect his residual functional capacity for light work. Once again referring to the 'grids,' the ALJ determined that Mr. Webb was not disabled.
 
 
 6
 We find that the ALJ erred in relying on the 'grids' to determine whether or not the applicant was disabled. Reliance on the 'grids' is only appropriate if the ALJ finds, among other things, that the applicant is physically able to perform the full range of work at the appropriate residual functional capacity level. Cf. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-29 (1981), cert. denied, 461 U.S. 957 (1983). In the instant case, the ALJ found that Mr. Webb could no longer perform his past work, had no transferable skills and a marginal education, yet he was able to perform light work and was thus not disabled. This finding, however, does not take into account two material exceptions which are clearly set out as limiting the scope of the 'grids:'
 
 
 7
 However, a finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: . . . A permanent injury of the right hand limits the individual to sedentary jobs which do not require bilateral manual dexterity. None of the rules in Appendix 2 are applicable to this particular set of facts, because this individual cannot perform the full range of work defined as sedentary. Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate. Example 2: An illiterate 41 year old individual with mild mental retardation (IQ of 78) is restricted to unskilled sedentary work and cannot perform vocationally relevant past work, which had consisted of unskilled agricultural field work; his or her particular characteristics do not specifically meet any of the rules in Appendix 2, because this individual cannot perform the full range of work defined as sedentary. In light of the adverse factors which further narrow the range of sedentary work for which this individual is qualified, a finding of disabled is appropriate.
 
 
 8
 20 C.F.R. Subpart P, App.2 Sec. 202.00(h).
 
 
 9
 Given the coincidence of 'disabling' conditions, we find that the decision of the Secretary was not supported by substantial evidence. Accordingly, this matter is reversed and remanded for the payment of benefits.
 
 
 
 *
 Honorable Stewart A. Newblatt, United States District Court for the Eastern District of Michigan, sitting by designation